BARTHOLOMEW MARKEY, JR., Appellant, v. PETER MARKEY and MARY MARKEY.

**Bastard: RECOGNITION: *Evidence*.** The uncorroborated testimony of the sister of the deceased that, about 60 years before, she was present at the marriage of her brother; that plaintiff was the fruit of such marriage; that she was present at the birth, and helped to rear plaintiff after his mother's death, which occurred when he was about 13 months old,—is not sufficient to establish the legitimacy of plaintiff, when the moral character of witness is shown to be bad, and she is directly contradicted by several witnesses, who had equal opportunity to know the facts, if they had existed.

**SAME.** The provision of Code 1873, section 2466, that to entitle an illegitimate child to inherit from his father, the recognition of the child by the father as his own "must have been general and notorious or in writing," is not satisfied by evidence that plaintiff was reared at the home of the father of deceased in Ireland, when not elsewhere at work, until he reached the age of 19 or 20, when he came to this country at the expense of the deceased, and went to his house in Illinois, where he remained for two years; that the deceased furnished him with clothing and spending money, collecting his wages, and introduced him as his son to some fifteen persons, five of whom testified to such fact.

**Pleading: ELECTION.** In an action for the partition of the estate of a decedent, where the plaintiff claims an interest as a child and heir of the deceased, and afterwards, in an amendment to his petition, alleges that the deceased, "during his lifetime, always recognized the plaintiff as his son," he is not required to elect whether he will claim as a legitimate son or as a recognized illegitimate child.

**Appeal: ABSTRACT.** The supreme court will not strike an additional abstract, filed by appellee, on the ground that the same does not add to or take anything from appellant's abstract, when a comparison of the abstract shows that the additional abstract is necessary to a full understanding of the case.

*Appeal from Plymouth District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

---

*Whether one may claim as a legitimate son and recognized bastard is not decided, because the petitions here do not aver that claimant was illegitimate.—*Reporter*.

MONDAY, MAY 15, 1899.

PLAINTIFF alleges in his petition that about May 1, 1879, Bartholomew Markey died intestate, seised in fee of a certain eighty acres of land, described, and that he "left surviving him, as his children and only heirs at law, the plaintiff and the defendant Peter Markey, his half-brother, and the deceased also left surviving him, as his widow, the defendant Mary Markey;" that the plaintiff and defendants are each entitled to one undivided one-third part of said land; and asking judgment confirming said shares, and for partition. The defendants answered, denying "that plaintiff is an heir at law" of said deceased, or entitled to any interest in said land. After the evidence was submitted, the plaintiff amended his petition, alleging that deceased "did, during his lifetime, always recognize the plaintiff as his son and as his child, and represented himself as the father of plaintiff, and such recognition was a general and notorious recognition of such relationship." Defendants answered this amendment, denying the allegations thereof, and averring that whatever recognition, if any, was made, was in the state of Illinois, and that by the law of Illinois, in force at the time, plaintiff could not, as an illegitimate son of deceased, inherit property by virtue of any recognition from his father. Other allegations are made in the petition and answer as to the rents of the land and other matters, which, in view of our conclusion on the issue of plaintiff's heirship, need not be set out. Decree was rendered dismissing plaintiff's petition, and judgment for cost rendered against him, from which he appeals. The defendant Mary Markey having departed this life pending this action, the controversy is solely between this plaintiff and the defendant Peter Markey.—*Affirmed.*

*E. T. Bedell* and *Ira T. Martin* for appellant.

*I. S. Struble* for appellees,

GIVEN, J.—I. Appellant moves to strike appellees' additional abstract, and to tax the cost thereof to appellees on the grounds that the denial of appellant's abstract is not sufficiently specific; that the matter set out does not add to or take from appellant's abstract, and does not show that appellant's abstract is defective. The denial is sufficiently specific, and a comparison of the abstracts shows that the additional abstract is necessary to a full understanding of the case. The motion is overruled.

II. Appellant, in his original petition, claims as child and heir at law of deceased, and in his amendment because deceased did, during his lifetime, generally and notoriously recognize the plaintiff as his son. Question is made whether the plaintiff may, in view of the allegations of his petition, also rest the claim upon the allegations of his amendment. Whether he may claim as legitimate son and also as a generally and notoriously recognized illegitimate son we do not determine. It will be observed that plaintiff does not allege in his petition or amendment whether he is the legitimate or illegitimate son of deceased, and we therefore proceed to consider the case on its merits on both claims.

III. Plaintiff introduced the deposition of Ellen Sharkey, aged seventy years, sister of the deceased, and for many years a resident of Chicago, Ill. If the testimony of this witness is to be credited, there can be no doubt that the plaintiff is the legitimate son of deceased. She testifies that about sixty years ago she was present at the marriage of her brother to Bessie McIntee, in the chapel in parish Markilone, county Monaghan, Ireland; that plaintiff was born as the fruit of such marriage, in her father's house; that she was present at the birth, and helped rear the plaintiff after his mother's death, which occurred when he was about thirteen months of age. She also states that she was present at the death of plaintiff's mother. This witness

is uncorroborated as to the fact of the marriage, the birth of the plaintiff at her father's house, and the death of his mother, and is directly contradicted by several witnesses who had equal opportunity to know the facts if they had existed. She is also shown by several witnesses to be a woman of dissolute habits and bad moral character. We need not say more as to the evidence on this branch of the case than that it fails to convince us that the plaintiff is the legitimate son of the deceased.

IV. Under section 2466 of the Code of 1873 illegitimate children inherit from their father "whenever the paternity is proven during the life of the father, or that have been recognized by him as his children, but such recognition must have been general and notorious or else in writing."

It appears that the plaintiff was left in the family of Peter Markey, father of the deceased, in Ireland, and was reared and had his home there when not elsewhere at work, until he reached the age of nineteen or twenty. At that time (1857) he came to this country, and went to the home of the deceased, in Illinois, where he remained part of the time up to 1859. The evidence relied upon as establishing recognition is substantially as follows: Plaintiff testifies to frequent acts of recognition while in Illinois, and that the deceased furnished him with clothing and spending money, and collected his wages for work done for others. He also testifies: "He wrote to me, and paid my passage to this country, in 1857, to Chicago. I wrote, and he sent me five dollars to Williams & Geyer, steamboat agents in New York, Black Ball Line. He bought clothes for me at Wayne station. He at times sent me some money." Plaintiff named some fifteen persons to whom he says the deceased introduced him as his son. Also that deceased introduced plaintiff's wife as his daughter-in-law, and kept her at his house. Five witnesses testified to deceased's having spoken of or to the plaintiff as his son on a number of occasions while residing in Illinois. There is no evidence of any recognition

while the parties resided in Ireland, nor after they separated in Illinois, nor of any communication between them. This evidence of recognition cannot, in the nature of things, be controverted, and for that reason it should be carefully scrutinized, and received with caution. As said in *Crouch v. Hooper,* 16 Beav. 182: "It is also necessary to remember that in these cases, from the nature of the evidence given, it is not subject to any worldly sanction, it being obviously impossible that any witness should be convicted of perjury for speaking of what he remembers to have been said in a conversation with a deceased person." See *Laurence v. Laurence,* 164 Ill. 367 (45 N. E. Rep. 1073). While it must be said that there is evidence tending to establish recognition, yet, in view of its nature, the length of time that has elapsed, the long periods in which there was no communication between the deceased and the plaintiff, this evidence fails to convince the mind to that degree of certainty that should obtain in such matters that the deceased ever did generally and notoriously recognize the plaintiff as his son. In view of all the circumstances, the fact that plaintiff bought him clothes, furnished him food and shelter, and on one or two occasions collected his wages, does not necessarily indicate the recognition of him as his son. We conclude upon the whole record, that the decree of the district court is correct, and it is AFFIRMED.