## OKLAHOMA HAY & GRAIN CO. v. T. D. RANDALL & CO.

No. 4511—Opinion Filed Nov. 20, 1917.

(168 Pac. 1012.)

**1. Pleading—Election of Defenses—Statute.**

When the answer to a petition sets forth in each of two separate paragraphs a different state of facts, each of which state of facts constitutes a defense, counterclaim, or set-off, the defendant cannot be required to elect upon which one of such counts he will proceed to trial.

**2. Depositions—Suppression—Motion.**

Depositions will not be suppressed on the grounds that the same were not certified, sealed, indorsed, transmitted, and opened as required by law, unless such grounds were set up in the motion filed to suppress, and unless the record supports such ground.

**3. Evidence—Scale Tickets—Identification—Statute.**

When hay, shipped to a commission merchant to be sold for the shipper, is reweighed at the point of destination by a weighing association, not shown to be authorized by statute to do public weighing, and a controversy arises between the shipper and the consignee concerning the weights, the scale tickets of the weighing association are not admissible in evidence as tending to show such weights, unless such tickets are identified and their correctness shown by competent testimony.

**4. Account Stated—Determination of Question—Evidence.**

When statements of account have been duly rendered and received, no objections having been made to the same within a rea-

sonable time, all of the circumstances concerning the failure to so object are proper to go before the jury in determining whether or not such statements became accounts stated.

**5. Account Stated—Declaration—Recovery—Evidence.**

To recover on an account stated, plaintiff must declare upon an account stated, and if he proceeds upon the original cause of action, the rules of evidence governing an action upon an account stated will not apply.

(Syllabus by Stewart, C.)

Error from District Court, Muskogee County; R. C. Allen, Judge.

Action by T. D. Randall & Co., a partnership, against the Oklahoma Hay & Grain Company. Judgment for plaintiffs, and defendant brings error. Reversed with direction to grant a new trial.

Robert F. Blair and W. P. Z. German, for plaintiff in error.

Murphy & Noffsinger, for defendants in error.

Opinion by STEWART, C. The record in this case is very voluminous, including about 1,600 pages; extensive briefs have been filed touching upon the questions raised. During the year 1910 the defendant, John L. Brooks, who was engaged in the hay and grain business at Muskogee, Okla., under the business name of Oklahoma Hay & Grain Company, consigned at various times to the plaintiffs as commission merchant at Chicago, a great many cars of hay, there being an agreement between the parties that the plaintiffs would honor drafts with shipper's bill attached to the extent of $7 per ton for hay so shipped, the hay to be sold on the markets of Chicago, the plaintiffs to retain 75 cents per ton commission and also insurance, storage, and other expenses; that each car of hay was to be handled separately, and, in case the net proceeds derived from sale of same exceeded the amount for which draft was made, the plaintiffs would remit such excess, but in case a loss was incurred, the defendant was to reimburse the plaintiffs for such loss. The plaintiffs brought action against the defendant and obtained judgment for $2,054.07, alleged difference between the total amount of the drafts paid and the total net proceeds from the sale of the hay.

The defendant answered by general denial, and, also in paragraphs 3 and 4 of the answer set forth two separate defenses and counterclaims against plaintiffs.

In paragraph 3 the defendant alleges, in substance, that the agent of the plaintiffs

came to Muskogee, Okla., and sought shipment of hay from the defendant, representing that plaintiffs were strictly commission merchants and did not handle hay on their own account, either at wholesale or retail, and that, if the defendant would ship his hay to the plaintiffs, and it was afterwards discovered that the plaintiffs were dealing in hay on their own account, each and every shipment made by the defendant should be, and was, a sale to the plaintiffs, f. o. b. Muskogee, Okla., shipper's affidavit, weights and grades to govern settlement; that at all times while defendant was shipping hay to plaintiffs, the plaintiffs, without the knowledge of the defendant, were dealing in prairie hay on their own account, both at wholesale and retail in the city of Chicago; that defendant did not discover such facts until after he had shipped all the hay involved; that because of such fact and the agreement had, each shipment of hay became and was a sale f. o. b. Muskogee, shipper's affidavit as to weights and grades to govern settlement. The defendant set forth an itemized statement, showing grades and total weights according to shipper's affidavits and asked that plaintiffs take nothing, and that defendant have judgment against the plaintiffs for balance due in the sum of $3,412.87.

In paragraph 4 of defendant's answer, defendant, in substance, says that, if it should be held that the plaintiffs were acting as commission merchants or factors for the defendant, then the plaintiffs did not carry out their contract with the defendants, in that plaintiffs were instructed to make proper and immediate accounts of the sale together with remittance when defendant was entitled to such, and to make draft on defendant at once for loss, if any, sustained on each separate car of hay as same was unloaded, to notify immediately the defendant in the event there should be any shortage in weights or grades, so that defendant might order official inspection and weighing and give instructions as to disposition of the hay, to all of which the plaintiffs agreed; that plaintiffs did not comply with such agreement, but sold the hay at a much lower price than could have been obtained on the markets of Chicago, and sacrificed the same in large quantities allowing the same to be graded down below its true grade; that plaintiffs did not exercise ordinary diligence as to time and manner of making sales; that plaintiffs did not obtain further instructions from defendant, and, in many instances, plaintiffs failed to make account of sales when there was a loss until long after such loss; and that, by reason thereof, plaintiffs

are not entitled to recover upon the account sued upon; that they are liable to the defendant for the reasonable and fair market value of said hay, according to its true grade, less money advanced and necessary expenses, in the sum of $3,500.

Motion was filed by plaintiffs to require the defendant to elect upon which of such paragraphs in his answer he would proceed to trial, which motion was sustained by the court and exceptions reserved by the defendant. Being required by the court, over his objections and exceptions to elect, the defendant elected to proceed to trial on paragraph 4.

Subdivision 3, § 4745, Rev. Laws 1910, provides:

"The defendant may set forth, in his answer, as many grounds of defense, counterclaim, and set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both."

And it is said by Mr. Justice Kane of this court in the syllabus of Covington v. Fisher, 22 Okla. 207, 97 Pac. 615:

"Even if defenses are inconsistent, unless expressly prohibited by statute, they may still be united in one answer, and the pleader cannot be compelled to elect between such defenses."

The court in that case followed the holding in De Lissa v. Fuller Coal & Mining Co., 59 Kan. 319, 52 Pac. 886, and also the opinion of Mr. Justice Turner in Clowers et al. v. Snowden et al., 21 Okla. 476, 96 Pac. 596.

It appears from the statutes quoted that, not only may the defendant urge as many grounds of defense as he deems proper, but he may also set forth as many grounds for "counterclaim, set-off, and for relief as he may have." The two paragraphs in defendant's answer mentioned are in the nature of counterclaims seeking practically the same relief, but under slightly different states of facts, not, however, entirely inconsistent. It would appear, however, under the rule adopted by this court, that, even if such claims were inconsistent, the defendant could not be required to elect.

It is held in Cole v. Woodson, 32 Kan. 272, 4 Pac. 321, that in an action for slander the defendant may set up the defense that he did not use the language imputed to him, and further avail himself of the defense that, if it be found that such language was used, the same was true. In First Nat. Bank v. C. N. B. & T. P. R~ Co.,

9 Ohio Dec. (Reprint) 702, the syllabus in part reads:

"When the same transaction will give rise to one cause of action or another according to the existence or nonexistence of a fact primarily within the knowledge of the defendant, the plaintiff may set out the same in separate causes of action and recover on either. In such case plaintiff will not be required to elect when by direct averment, or from the nature of the case, it is apparent that he cannot safely determine before the development of the trial which will prove to have been the true nature of the transaction on the defendant's part."

Our statutes appear to be somewhat more liberal toward the defendant with reference to defenses and claims for cross-relief than toward the plaintiff. The defendant may set up separate and independent causes of action by way of counterclaim or set-off, but the petition of plaintiff is demurrable if several causes of action are improperly joined. It is held, however, by this court in Oates v. Freeman, 57 Okla. 449, 157 Pac. 74, that the plaintiff on motion cannot be required to elect when several causes of action are improperly joined; that the proper practice is to attack the petition by demurrer, setting forth the misjoinder as one of the grounds of demurrer.

It is said in Markey v. Markey, 108 Iowa, 373, 79 N. W. 258, that:

"In an action for the partition of the estate of a decedent, where the plaintiff claims an interest as a child and heir of the deceased, and afterwards, in an amendment to his petition, alleges that the deceased, 'during his lifetime, always recognized the plaintiff as his son,' he is not required to elect whether he will claim as a legitimate son or as a recognized illegitimate child."

We are of the opinion and so hold that the trial court committed reversible error in sustaining the motion to elect. We would be authorized to reverse and remand for a new trial without passing on the further assignments of error, but some of the questions raised may recur in event of a new trial.

One of the questions presented concerns the admissibility in evidence of certain books kept by the plaintiff in error, in which matters were recorded pertaining to the transactions had between the plaintiff and defendant. Books of account, identified and verified, and proven to be correct, are competent, but not conclusive, evidence as to transactions had between a commission merchant and a consignee of goods. However, entries therein as to weights of hay consigned do not, of themselves, prove such weights, and the same must be established by other competent testimony. The weighing of the hay in this case was not a transaction had between plaintiffs and defendant, but between plaintiffs and the persons weighing the same.

Neither the trial court nor the parties to this controversy can be misled as to the circumstances under which or the purposes for which such books may be introduced, if attention is given to section 5114, Rev. Laws 1910, and the decisions of this court construing same. Section 5114 reads:

"Entries in books of account may be admitted in evidence, when it is made to appear by the oath of the person who made the entries that such entries are correct, and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business."

This section has been construed by this court in the following cases: St. L. & S. F. Ry. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406; First National Bank of Enid v. Yeoman, 14 Okla. 626, 78 Pac. 388; Missouri, K. & T. Ry. Co. v. Davis, 24 Okla. 677, 104 Pac. 34, 24 L. R. A. (N. S.) 866; Missouri, K. & T. Ry. Co. v. Walker, 27 Okla. 849, 113 Pac. 907; Pacific Mutual Life Insurance Co. v. O'Neal, 36 Okla. 792, 130 Pac. 270; Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 Pac. 213, L. R. A. 1916C, 351.

The defendant urges that the court erred in overruling the motion of defendant to suppress depositions on the ground that the same were not sealed up and indorsed with the title of the cause and the name of the officer taking the same, and transmitted to the clerk of the court, but were transmitted to counsel for plaintiffs and by him opened and brought into court. From an examination of the record, we do not find that the motion to suppress depositions sets forth any such grounds, or that there is anything to establish the truth of such claim; hence it will not be necessary to say more than that the court did not err in refusing to suppress the depositions. We are not, however, passing upon the admissibility of the testimony as contained in the depositions, such being for the court to determine when the depositions are read during the trial of the case.

The defendant complains that there was no legal testimony on the part of the plaintiffs showing weights and grades of hay tending in any way to properly establish such weights and grades or to disprove the testimony of witnesses for the defendant as to such weights and grades. If the matter of grades are in issue in case of a new trial, it will be necessary to establish the same by competent evidence. The weight tickets, unless identified and shown to be correct by competent evidence, are not admissible, and do not tend to prove the weight of the hay sold. It is necessary for the plaintiff to establish by competent evidence the weight of the different classes of hay received and disposed of.

The plaintiffs in their brief urge that the evidence in this case shows that statements of account were rendered to the defendant as per contract as to each car of hay received and disposed of, and that the plaintiffs were entitled to recover in this case on the ground that no objection was ever made by the defendant to such statements as rendered until after the trial in this cause, such statements thereby becoming stated accounts. The plaintiffs cite Lamont Mer. Co. v. Piburn, 51 Okla. 606, 152 Pac. 112, in which it is held:

"Where one party sends to another, with whom dealings have been had, a statement of account, showing the balance claimed to be due, and such statement is received by such party, but is not replied to or objected to within a reasonable time, such acquiescence and failure to object is taken as an admission that the account has been correctly stated; and what is a reasonable time in such connection, is ordinarily a question for the jury to determine under all the circumstances of the case, considering the nature and volume of the business, the character and number of the transactions involved in the account, the distance of the parties from each other, and the means of communication between them."

The plaintiffs did not plead on account stated, nor was such issue submitted to the jury. When an account stated is established, the individual transaction involved need not be proved, and the account stated can only be impeached on the ground of fraud. or mistake. It is necessary that the same be pleaded so that defendant may be apprised of the claim and deny the admission alleged, or offer such other defenses as the law authorizes. The correct rule. as we view it, is stated in 1 Cyc. 388:

"To recover on account stated, plaintiff must declare upon an account stated, and if he proceeds upon the original cause of action, the rules of evidence governing an action on an account stated will not apply."

This cause is reversed, with instructions to grant the defendant a new trial and to proceed otherwise in conformity with the views herein expressed.

By the Court: It is so ordered.