## ALEXANDER v. RICH & CARTMILL.

No. 25727.   Oct. 1, 1935.

Rehearing Denied Dec. 10, 1935.

Application for Leave to File Second Petition for Rehearing Denied Dec. 24, 1935.

T. D. Evans, for plaintiff in error.

A. C. Saunders, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff's action seeks to recover $670.80 from the defendant, alleged due on account stated, assigned to them by the Tulsa Stove & Foundry Company. The truth and verity of the account is alleged to have been admitted by the defendant. Attached to the petition is a copy of the alleged verified account, beginning January 1, 1930, with a balance of $654.54 and ending November 5, 1930, with a balance of $670.80. Also attached to plaintiff's petition is a copy of the alleged assignment of said account from the Tulsa Stove & Foundry Company to the plaintiff.

The defendant filed his verified amended answer, denying generally each and every allegation in plaintiff's petition and especially denied that he had ever, in any form or manner, acknowledged plaintiff's claim of $670.80, or any other amount to be true and correct and owing from him to plaintiff, or to the Tulsa Stove & Foundry Company, and further denied the amount sued for to be true and correct either in whole or in part, and asked due and proper proof be made. The defendant further alleged said account with the Tulsa Stove & Foundry Company was an open and continuous account from the year 1923 to the date of the last item of said account, and that three payments of $500 each had been made prior to the assignment of said account to the plaintiff for which credit had not been given, and prayed for a general accounting.

The plaintiff replied by unverified denial the material allegations of the defendant's answer. At the conclusion of the evidence at the trial of the cause, the court directed a verdict for the plaintiff. From the judgment rendered on said verdict, the defendant appeals.

It is the contention of the defendant that the court erred in directing the jury to return a verdict for the plaintiff. The evidence introduced by the plaintiff is, in substance, as follows: That Mr. Rich, one of the plaintiffs, both before and after taking the assignment of the account, discussed the account with the defendant, and that the defendant said he had an open account with the Tulsa Stove & Foundry Company, but that he wanted to examine the account to determine the correctness thereof, but did not at that time examine the account, nor did he deny the correctness thereof. Mr. Schumaker, who was connected with the Tulsa Stove & Foundry Company, testified he informed the defendant of the amount of the account, and that the defendant made no objections to the account in any way and promised to pay the same. Mr. Saunders, attorney for plaintiff, testified the defendant admitted the amount of the account to be correct, and that also he wrote a letter to the defendant in which he stated the amount of the account and requested payment, and the defendant replied thereto. These letters are in evidence and the defendant's reply expresses regret at his inability to pay, and hoped some plan could be worked out so the account could be settled, and further expressed his willingness to call on Mr. Saunders and discuss the matter of working out some arrangement to liquidate the debt. The defendant, in his behalf, testified, in substance, that Larry Hines introduced him to Mr. Rich and said he had assigned the account to Mr. Rich; that Mr. Rich had the statement and that he looked at it, but did not examine it thoroughly, and informed them the account was not correct; that there was nothing correct about it and that credit had not been given for payments made in the sum of $203 in one instance and for $250 in another. He further testified that the next time he saw the statement he thought it had a different statement attached on which these credits were shown, but did not show on the original assignment. He further said he never acknowledged to Mr. Rich, Mr. Saunders, or to any one else, the account was correct; that he checked with the ledger and found he had not received credit for notes for $1,500 and which notes were paid; that Mr. Hines asked him to sign a statement as an acknowledgment of the true balance and he refused.

The sole question raised and to be determined by this court is whether, under the evidence presented in this case, the trial court could say that as a matter of law the account of the defendant with the Tulsa Stove & Foundry Company assigned to the plaintiff was an account stated.

An account stated is an agreement, expressed or implied, between parties who have had previous transactions with each other, fixing the amount due from one to the other on account. Williams v. Casparis Bros., 113 Okla. 51, 238 P. 438. Where the evidence is without conflict as to facts, whether or not an open account becomes an account stated is a question of law for the court. Williams v. Casparis Bros., supra. But where the evidence is not without conflict and not free from adverse inferences, the question wheth-

er an account is stated or not is for the jury. Oklahoma Hay & Grain Co. v. T. D. Randall & Co., 66 Okla. 277, 168 P. 1012; Lamont Mercantile Co. v. Pilburn, 51 Okla. 618, 152 P. 112; Rice v. Schloss, 90 Ala. 416.

The evidence discloses a sharp conflict as to the facts on the issue in the case. Plaintiff contends and produces evidence tending to show the meeting of the minds of the parties in interest on the correct balance due on this account. The defendant contends and offered evidence tending to show that the minds of the parties in interest on the correct balance, and, on the contrary, had correct balance, and, on the contrary, had always expressed a desire to examine the account, and in this respect is corroborated by plaintiff's evidence. He contends and offered evidence of the lack of credits, and points out in what respect the account is incorrect. The truth concerning the respective contentions of the parties was for the determination of the jury, and this without reference to the weight of the testimony or our individual opinion as to who should prevail. It was error for the court to direct the verdict, and the judgment is reversed.

The Supreme Court acknowledges the aid of Attorneys W. T. Anglin, A. M. Woodford, and Dudley B. Buell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Anglin and approved by Mr. Woodford and Mr. Buell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.