### KERSEY v. BRINSON.

No. 26691. Sept. 29, 1936.

Thos. J. Horsley and Hicks Epton, for plaintiff in error.

Orr & Woodford, for defendant in error.

PHELPS, J. The plaintiff and the defendant and one Meadors entered into a partnership agreement to start and operate a grocery store. Each invested $833 in the venture, the plaintiff and Meadors being silent partners, and the defendant making his promissory note to each of them in the sum of $833. The partnership agreement was in writing, but is not contained in the record (neither are the notes), and therefore we are not informed as to the reason for the execution of said notes. As to whether there was some special arrangement in the partnership agreement, whereunder the plaintiff and Meadors were guaranteed the return of their initial investments, the record is not clear.

The store was operated under the management of defendant for about a year and a half, and then the defendant executed to plaintiff, as payee, his note for $535. This latter note is the subject of this lawsuit, wherein plaintiff payee sued for the recovery of the face amount thereof, and defendant admitted execution of the note, but alleged as a defense that it was only an accommodation note, given without consideration.

The jury returned a verdict in favor of the defendant, and plaintiff appeals. Plaintiff's sole contention is that the trial court erred in refusing to instruct a verdict in his favor. The gist of plaintiff's argument is predicated upon the assumption that the defendant, in his testimony, admitted that the present note was given in renewal of the unpaid balance on the first note, the difference being the value of certain groceries purchased personally by the plaintiff from the defendant during the interim.

Defendant's testimony was directly contrary to the idea of this note being a renewal of the balance due on the old note. Defendant's testimony was that after the business began to show a loss Meadors and the plaintiff became dissatisfied and wanted defendant to buy their interests by paying them the amounts named in the first notes; that he was willing to accommodate them in that respect if and when the business should show sufficient profit, but that the note in suit was entirely dissociated from those matters, and was executed to the plaintiff in order that the plaintiff might use it as collateral in obtaining a loan from some third party or bank, with which to help send plaintiff's daughter through school; that no consideration whatsoever was given defendant for executing the note, and, in substance, that it had nothing at all to do with the store deal or partnership or old note.

Whether this was an independent transaction between the plaintiff and defendant, disconnected from their financial relationship growing out of the partnership, was entirely a matter for the jury. Though in some places the defendant's testimony in this connection was weak and vague, a careful analysis of the entire record leads

us to the conclusion that nevertheless there was sufficient evidence in his favor to warrant the determination of this fact question by the jury. No new principles of law are involved herein, and having carefully studied the record and come to the conclusion above announced, we think it inadvisable to consume undue space by any further or detailed discussion of the evidence. After the trial judge entered judgment on the verdict he went out of office, and his successor studied a transcript of the evidence before he overruled the motion for new trial. We are persuaded that the two judges were correct in their rulings on this question, and that the judgment should be affirmed. It is so ordered.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and GIBSON, JJ., concur.