PRITCHETT v. YOUNG, Adm'r, et al.

No. 29302.   Sept. 10, 1940.

Rehearing Denied Dec. 17, 1940.

*108 P. 2d 135.*

Falkenstine & Fisher, of Watonga, for plaintiff in error.

Meacham, Meacham & Meacham, of Clinton, for defendants in error.

DANNER, J. The plaintiff in error, Oliver Pritchett, brought suit against Mrs. E. E. Young and Carroll Young, as defendants, to recover on a promissory note in the amount of $955.50 executed by the defendants on March 10, 1931. In their separate answers the defendants admitted the execution of the note and pleaded further that the plaintiff is the son-in-law of the defendant Mrs. E. E. Young. That on or about the date alleged the plaintiff presented the note to the defendants for their signature asserting to them that he wanted the note merely for the purpose of raising money at the bank. Further, that the defendants reposed faith and trust in the plaintiff, and by reason of his representation as aforesaid, they executed the note. The defendants pleaded further that they are not indebted to the plaintiff in any amount, and that they did not receive any money, or other consideration in the execution of the note, and that said note was wholly without consideration. The defendants pleaded further that the note had been materially altered since its execution.

The defendants in their answers further asserted that in the event they were held liable on the note they are entitled to recover from the plaintiff the sum of $1,200 the amount owing to them by reason of the plaintiff's assuming possession from them of a bakery and bakery equipment located in the town of Weatherford.

On the death of Mrs. Young the action was revived and proceeded to trial in the name of Haywood Young, administrator of the estate of Mrs. E. E. Young, deceased.

The records show that in November or December, 1927, the defendants, together with Roscoe Young, bought a bakery business in Weatherford. In the purchase of the bakery Roscoe Young invested $1,250 and the defendants invested $650, money borrowed from the plaintiff. Roscoe Young retired from the business in May or June, 1928, with the loss of his investment. The defendants continued the operation of the bakery until the latter part of 1928 when the plaintiff assumed charge of the business, paid off around $400 of accumulated bills, and continued in charge of its operation until April, 1929, when he sold the business and equipment for $700.

Plaintiff testified that after the sale of the bakery equipment, the defendants executed and delivered to him their note in the amount of approximately $825 in settlement of the financial differences between plaintiff and defendants. The defendant Carroll Young testified positively that defendants did not execute such note at such time. In his testimony he does not deny that defendants executed a note for money borrowed from plaintiff, but denies that it was executed after the sale of the bakery by plaintiff.

Plaintiff testified that the first note from the defendants was destroyed by fire which destroyed his home in July, 1929. Defendant Carroll Young testified, however, that the first note was considered paid by the parties under an arrangement whereby plaintiff took over the bakery.

Primarily, the defendants rely upon allegations in their answers that the note sued on is an accommodation note and is without consideration; furthermore, that the original note executed by the defendants to the plaintiff was liquidated when the plaintiff took charge of the bakery, it being contended by the defendants that the value of the bakery exceeded the sum owing to the plaintiff on the original promissory note. On this point the defendant Carroll Young testified as follows:

"Q. * * * Tell the jury, if you will, what was said between your mother and Mr. Pritchett? A. Mr. Pritchett came over there and he came in the shop and he said to my mother, 'This is kinda worrisome, isn't it.' She said, 'Well, yes, but we are getting along all right.' He said, 'Well, I came over to take it.' He says, 'I am going to take it and release you of this worry.' That's what he said and I believe that's all right now. Q. Do you know what they were talking about? A. Yes, talking about the debts. He asked her how many debts was on it and she told him. Q. How many—do you remember how much? By Mr. Fisher: We object to that as not being the best evidence. By the Court: Overruled. By Mr. Fisher: Exceptions. A. They were about $150. Q. I mean were they talking about the bakery? A. Yes. Q. Do you know what was done with the bakery and the bakery equipment at that time? A. Yes, sir, he taken it. Q. 'He'—who do you mean? A. Mr. Pritchett. Mr. Pritchett taken the bakery."

Against this evidence is the testimony of the plaintiff and the witnesses produced by the plaintiff who testified that the defendant Carroll Young, subsequent to the date of the execution of the original and renewal or substitute note, admitted to them that he owed to the plaintiff the debt sued on.

The case was tried by a jury, resulting in a verdict in favor of the defendants. For reversal of the judgment the plaintiff contends, principally, that the trial court erred in overruling his motion for a directed verdict. In support of this contention the plaintiff argues that the evidence shows that the plaintiff and the defendants had agreed on a settlement of their accounts and that the execution and delivery of the original note by the defendants constituted an account stated, precluding the introduction of testimony on their behalf concerning the value of the bakery and its equipment when the plaintiff took it over in the latter part of 1928, and, likewise, precluded the introduction of evidence of absence of consideration in the execution of the note sued on. The evidence on these points is not clear, and as to the understanding between the parties, is hazy, obscure, and conflicting. In this condition of the record we are unable to hold that the trial court was in error in refusing to determine, as a matter of law, that the transaction between the parties amounted to an account stated.

In Alexander v. Rich & Cartmill, 175 Okla. 406, 49 P. 2d 767, we held in the syllabus:

"As to whether or not an account is an account stated, where the evidence is without conflict, is a question of law for the court; but if the evidence is not without and not free from adverse inferences, it is a question for the jury."

See, also, 1 C. J. 729, 1 C. J. S., Account Stated, § 65; 1 Am. Jur. 292.

On the trial, over plaintiff's objections, the defendants introduced testimony in support of their answers that at the time the plaintiff took possession of the bakery and its equipment it had a value of from $800 to $1,600. In view of our conclusion that the evidence does not show, as a matter of law, that the transaction between the parties at the time of the delivery of the bakery and on the execution of the note amounted to an account stated, we think the evidence was competent. We concede that on some points the defendants' evidence in support of the allegations of their answers is weak and somewhat vague, but from a careful examination of the entire record we are of the opinion that there was sufficient competent evidence in their favor to authorize the determination of all facts involved by the jury.

278

Our conclusion in this regard is supported by the decision of this court in Kersey v. Brinson, 177 Okla. 525, 61 P. 2d 200. In that case, as here, the action was on a promissory note and the defendants pleaded failure of consideration and that the note was executed as an accommodation to the plaintiff to be used as collateral in obtaining a loan from some bank or third party. There, as here, the plaintiff on appeal complained of a verdict in favor of the defendant on the theory that the trial court erred in refusing to instruct a verdict in his favor. In sustaining the verdict and judgment, we held in the syllabus:

"Evidence examined, and held, trial court did not err in refusing requested peremptory instruction for plaintiff payee in suit on note, where there was some competent evidence to sustain defense that the note was given without consideration."

From a careful examination of the entire record, we conclude that no prejudicial error of law was shown in the instructions of the court or its rulings on law questions presented during the trial; that the evidence, as a whole, sustains the verdict and judgment. The judgment is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur.