**FEDERAL DEPOSIT INS. CORP. v. KIMSEY.**

**No. 4550.**

United States Court of Appeals
Tenth Circuit.

April 9, 1953.

T. Austin Gavin, Tulsa, Okl., and Norris Bakke, Washington, D. C. (Allen E. Barrow, Tulsa, Okl., on the brief), for appellant.

L. Keith Smith, Jay, Okl., and R. L. Davidson, Jr., Tulsa, Okl., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This action arose out of defalcations and embezzlements by W. H. McCollough, Vice President of the American National Bank of Pryor Creek, Pryor, Oklahoma. Among his other embezzlements, McCollough embezzled from the account of appellee, W. H. Kimsey. The bank was placed in voluntary liquidation and the Federal Deposit Insurance Corporation appointed a liquidator for the bank and authorized him to accept claims from depositors. The liquidator and his agents undertook to determine and reconstruct the correct balances in the accounts of various depositors including the account of appellee, W. H. Kimsey. As a result of these investigations, appellant's agents prepared a written claim dated July 11, 1949, purporting to reflect the correct balance in appellee's account and presented it to him for his signature. When the account was presented to Kimsey, he protested, stating that he thought he was entitled to more money than that shown in the statement. He was informed "that the signing of this claim would not estop him from making further claim providing he found new evidence of any credits that he was entitled to." He thereupon signed the statement showing there was due him from the bank $17,567.27. Thereafter further examinations revealed that additional checks aggregating $27,289.61, drawn by him upon his account had been paid by the bank but not charged to his account. This action was instituted by appellant to recover this additional amount from Kimsey. He first filed a general denial and approximately seven months thereafter an amended answer and counterclaim setting forth additional claimed credits in the amount of $33,680.51 and asked judgment for $6,390.-90. Trial was had to the court. It struck an account between the parties and entered judgment for the Federal Deposit Insurance Corporation for $8,230.30 together

with interest, from which judgment this appeal is prosecuted.

Appellant urges three assignments of error upon which it relies for reversal. They are (1) that the account of July 11, 1949, constituted an account stated between the parties, and the court therefore erred in considering evidence relating to other transactions set out in the counterclaim; (2) that the court erred with respect to the burden of proof and (3) that the judgment of the trial court is contrary to the clear weight of the evidence.

■ An account stated is an account which has been examined and accepted by the parties.[1] An account cannot become an account stated with reference to a debt payable on a contingency.[2] Measured by this standard the account of July 11 did not constitute an account stated because it was executed upon the express statement by appellant's agents that the execution did not estop Kimsey from making further claims, provided he had evidence of additional credits to which he was entitled. This contingency destroyed that finality in the statement of July 11 requisite to an account stated.

It may be conceded as contended for by appellant that the burden of proof rested upon Kimsey and stayed with him throughout the trial. We do not, however, understand that the trial court's rulings and views at the time of the trial relieved him of this burden. The court stated that "I don't think the question of burden of proof is of any importance because I don't believe the consideration of any item in controversy or the decision with respect to any item in controversy would turn on the question of which party has the burden." Appellant's counsel also apparently shared that view, because he replied as follows: "No, but I think finally, Judge,—what I come to in connection with that is this:—and I was going to add now, that so far as our complaint is concerned there is apparently no dispute." Appellant's position apparently was that since none of the items of its complaint making up the additional sum of $27,289.61 were seriously challenged, it was relieved of the burden of proving them and that the burden was upon appellee to prove the items of his counterclaim. That was also the view of the trial court, because it accepted as correct the allegations of appellant's complaint, alleging that there was due from appellee the additional sum of $27,289.61 and proceeded to inquire whether the evidence sustained appellee's contention that the items of his counterclaim were correct and should be allowed. It thus in effect placed the burden of proof where it belonged.

The most serious contention urged is that the judgment is contrary to the clear weight of the evidence. Appellee's counterclaim consisted of 33 items totalling $33,680.51, for which he claimed additional credits. All of these items with one exception involved sums in excess of $1,000. The trial court gave careful consideration to each and every item and made specific findings with respect thereto. It found that Kimsey was entitled to additional credits totalling $19,058.31 as an offset against the admitted liability of $27,298.61 asserted in the complaint. The reason prompting the court's conclusion and its analysis of the evidence are set out in the detailed findings of the court.

■ The record on appeal consisted of nearly 200 pages of testimony. To set out in detail the evidence, which in our opinion supports the findings of the trial court, would lead to an opinion of undue length and would add nothing of value either to the opinion itself or to its value as a precedent to future litigation of a similar kind. We, therefore, content ourselves with the statement that we have carefully examined the entire record and are of the view that the court's findings of fact and conclusions of law find ample support therein.

The judgment appealed from is, therefore, affirmed.

1. 1 Bouv. Law Dict., Rawle's Third Revision, p. 109; Toland v. Sprague, 12 Pet. 300, 37 U.S. 209, 234, 9 L.Ed. 1093; Owens v. Cohlman, 182 Okl. 380, 78 P.2d 292; Alexander v. Rich & Cartmill, 175 Okl. 406, 49 P.2d 767.

2. Tuggle v. Minor, 76 Cal. 96, 18 P. 131; Van de Putte v. Texas Pac. Coal & Oil Co., D.C., 35 F.Supp. 794; Bank of New York v. United States, 3 Cir., 170 F.2d 20.