## LAMONT MERCANTILE CO. v. PIBURN.

No. 5511.   Opinion Filed October 5, 1915.

(152 Pac. 112.)

1.  **APPEAL AND ERROR—Presentation Below—Evidence.** Where evidence is material, competent, and relevant under the issues, but is improperly brought out on cross-examination, in order to present error on appeal, upon the ground that it was improper cross-examination, it must be shown that its introduction was objected to on this ground.

2.  **APPEAL AND ERROR—Trial—Discretionary Ruling—Order of Proof.** The question of the order merely in which testimony shall be produced at the trial is often largely within the sound discretion of the trial judge. The action of the court in permitting a party to introduce evidence out of its order, under the general rules for the production of evidence, when in the interest of justice, or the convenience of the parties and the court in the efficient dispatch of business, will not be disturbed, unless it is clearly shown that such discretion has been grossly abused.

3.  **ACCOUNT STATED—Admission—Failure to Object—Question for Jury.** Where one party sends to another, with whom dealings have been had, a statement of account, showing the balance claimed to be due, and such statement is received by such party, but is not replied to or objected to within a reasonable time, such acquiescence and failure to object is taken as an admission that the account has been correctly stated; and what is a reasonable time in such connection is ordinarily a question for the

jury to determine under all the circumstances of the case, considering the nature and volume of the business, the character and number of the transactions involved in the account, the distance of parties from each other, and the means of communication between them.

(Syllabus by Brewer, C.)

*Error from County Court, Kay County;*
*Claude Duval, Judge.*

Action by the Lamont Mercantile Company against J. A. Piburn. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. W. Davis,* for plaintiff in error.

*William S. Cline* and *Everett L. Cline,* for defendant in error.

Opinion by BREWER, C. The Lamont Mercantile Company sued the defendant, J. A. Piburn, in a justice of the peace court to recover the sum of $145.55 on account for goods, wares, and merchandise. Plaintiff filed a bill of particulars, in which it alleged, in substance, that on October 1, 1910, defendant was indebted to it in the sum of $354.55 for goods previously sold him, at which time he made a payment thereon of $250, which left a balance due of $104.55; that this balance was struck and given to defendant, who kept it for a number of months, without objecting as to the amount thereof, and that therefore the defendant, by his conduct, had assented to the statement of balance as being due, and, as to this item of $104.55, it had become an account stated; that the remainder of the sum sued for embraced items of goods furnished defendant thereafter.

Defendant, in his answer, denied that he was indebted to plaintiff in any sum, or that he had accepted the statement of account relative to the first item men-

tioned, and by failing to object to the correctness of same, and by keeping it in his possession without objection for an unreasonable length of time, had assented to the correctness thereof, and for a counterclaim alleged that he had fully paid for all the goods, wares, and merchandise bought of plaintiff, and had, in fact, overpaid plaintiff in the sum of $26.61.

The jury found all the issues in favor of defendant, and gave judgment in his favor in the sum demanded in his counterclaim. The plaintiff below brings the case here. on appeal, and argues the following errors in support of its claim that a reversal should be had: (1) Improper cross-examination of plaintiff's witness; (2) that the evidence is not sufficient to sustain the verdict; (3) refusal of the court to give requested instructions Nos. 2 and 3.

1. Plaintiff in error argues with great force that the court permitted its manager and principal witness to be subjected to an improper cross-examination. This cross-examination was to the effect that the witness had made errors of computations and of additions shown on the face of the papers which it was claimed furnished the items going into the account stated, and this is urged as error, for two reasons: (1) Because it was not relevant to, and had no connection with, the evidence elicited upon the examination in chief; and (2) that it was out of order to allow an attack to be made upon the items entering into the balance until there had been some evidence introduced tending to show that the account had not, in fact, become an account stated. Upon the first of these claims, it is sufficient to say that this evidence was nowhere objected to on the ground that it was improper cross-examination. Upon the second, it may be said that the

evidence, under an application of strict rules, was out of its regular order, but, as the court remarked during the trial, "there was no doubt but what the evidence would become competent later on," that is to say, when the proper predicate had been laid for its introduction, and it did so become thoroughly competent and highly material. To illustrate the exact nature of the evidence produced on cross-examination, the introduction of which has caused such serious complaint, it is necessary to say that plaintiff kept no regular set of books. It had in use what is called the McClaskey system, which, briefly stated, was this: The entire account was kept on slips, called memorandums of sale. When a purchase of one or more articles was made, the articles and the amount charged for each were written on a slip. At the next purchase the items of this first slip were added together and placed on the next one as a balance, which was followed by the items purchased upon that day, and so on, through the entire course of the account, which would result in the final slip showing the balance or aggregate to be found upon all of them. The balance which was struck consisted of that shown on the last ticket furnished defendant, and when defendant asked for an itemized statement, two bundles of these tickets were given him, to be taken home for examination. While the manager of plaintiff corporation was on the stand, he was shown certain of these tickets, which he admitted were in his handwriting, and the following examination was permitted:

"A. According to those tickets the balance was not right. The balance on the 25th of August is $313.31. Q. Wasn't there a later balance then on the 26th? A. No; that is the latest I see. Yes; $313.31; and the next ticket is the 29th—three days between. Q. What is the balance then? A. $331.31. Q. Do you find one before that?

A. There is two on the same day. Q. What is the earliest on the 29th? A. $331.31. Q. You have an earlier balance than that right there in your hand, haven't you? A. No, sir; I think not. I think this is right. Q. Yes; that is correct. Now, what balance does your ticket show that you carried forward on that particular date? A. The balance carried forward was $331.31. Q. And the other ticket exhibited by you prior to that time shows what amount of balance? A. $313.31. Q. That simply shows a transposition of this 13 to 31; it was written 31, instead of 13? A. Not necessarily. Q. Doesn't it show that? A. Not necessarily. There might possibly have been a ticket in between that amounted to that. Q. You think there might have been an $18 ticket in between? Will you say to this jury that this wasn't the balance that you carried forward? A. This was the balance carried forward. There may have been other tickets between those dates. Q. Will you say there is any tickets in between these two? A. I don't know. Q. Will you say there was? A. No, sir. Q. Using those tickets absolutely as representing the amount at that time, that shows a transposition of those figures, $313.31 to $331.31? A. Yes, sir; that shows that way. Q. And it makes a difference of $18? A. Yes, sir."

Of course, if this had been a suit upon an open account, it would have been entirely proper cross-examination. As it was, the orderly way in which to have proceeded would have been for defendant first to offer evidence tending to dispute that the account had become stated. This having been shown, the evidence would have been entirely proper. But ought this slight irregularity in the introduction of proof out of its regular order work a reversal of this case? We think not, for there was testimony offered following this tending, we might say quite strongly, to disprove plaintiff's theory of a stated account.

In *Standifer et al. v. Sullivan,* 30 Okla. 365, 120 Pac. 624, it is held:

"The question of the order merely in which testimony shall be produced at the trial is often largely within the sound discretion of the trial judge. The action of the court in permitting a party to introduce evidence out of its order, under the general rules for the production of evidence, when in the interest of justice, or the convenience of the parties and the court in the efficient dispatch of business, will not be disturbed, unless it is clearly shown that such discretion has been grossly abused."

2. In presenting the claim that the evidence is insufficient to sustain the verdict, no attempt is made to analyze the evidence, except to say that it is not sufficient to put in issue the question regarding the plaintiff's claim that the account was a stated one. From what examination we have made of the record, it is clear to our minds that the proof entitled defendant, in numerous instances, to a reduction of plaintiff's claim; and if the evidence is not sufficient to have wiped out the entire amount sued for, as was done, doubtless plaintiff in error would have taken the pains to analyze it and make his own computations showing this fact.

3. Instruction No. 2 asked by plaintiff was properly refused, for it assumes a state of facts to be true: which facts were in controversy, and for the further reason that, in so far as it states a rule of law, it was covered in the general charge of the court, in what, we think, was better and more apt language.

In instruction No. 3, asked and refused, a paragraph thereof is as follows:

"And if you find from the evidence that Piburn was fully advised of the balance due on October 1, 1910, that

he kept the amount by him for a period of 90 days without objection, and was in and out of Lamont, and had opportunity to either object or pay, and did not, then you must find the balance of $104.55 to be an account stated, as a matter of law, which makes it a contract obligation due from defendant to plaintiff, and you will find for the plaintiff."

On this point, in lieu of this, the court gave its general instruction No. 6, which, we think, under the circumstances of this case and the conflicting evidence upon the subject, was a better one than that requested; said instruction being as follows:

"When one party sends out a statement of account to another with whom he has dealings, which is received by the other party, but not replied to or objected to within a reasonable time, the acquiescence of the party is taken as an admission that the account is correctly stated; and what is a reasonable time in this connection is a question for the jury to determine, under all the circumstances of the case, considering the nature of the business, the distance of the parties from each other, and the means of communication between them."

Besides, in the instruction requested it would have been error, under the evidence, to instruct the jury, as a matter of law, that if defendant "kept the account by him for a period of 90 days, without objection," etc., the item of $104.55 thereby became an account stated. Under the evidence introduced pro and con as to what occurred between the parties over this account and the claim of objection made and denied, respectively, the question should have been submitted to the jury, as was done.

We may add that we have examined the entire charge of the court in this case, and it is not only carefully pre-

pared, but it fully covers every phase of the case, and substantially states the law on all the points involved.

The case should therefore be affirmed.

By the Court:   It is so ordered.