McKENNEY, Receiver. v. CAMPBELL et al.

No. 13296—Opinion Filed Oct. 7, 1924.

Rehearing Denied Nov. 11, 1924.

Second Rehearing Denied Nov. 25, 1924.

**Corporations—Authority of Managing Officer—Use of Corporate Property to Pay Private Debts.**

The president and general manager of a corporation occupies a position of trust and is not permitted to apply corporate property to the payment of his individual debts.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by J. W. McKenney, receiver of the Big Diamond Oil & Refining Company, against the First National Bank of San Saba County, Texas, and John F. Campbell. Judgment for defendants, and plaintiff appeals. Reversed, with directions.

Bridges & Vertrees, E. B. Anderson, and Harley Ivy. for plaintiff in error.

Weeks. Morrow & Francis and Green & Pruet, for defendants in error.

Opinion by RAY, C. The principal question here to be decided is whether the president and general manager of an oil and gas company. a corporation, may, by the execution of his company's notes and mortgaging its property to secure their payment. apply his company's property to the payment of his individual debts. No question of an innocent purchaser for value is involved. The mortgagees are parties to the action.

This suit was commenced in the district court of Jefferson county by J. W. McKenney. receiver of the Big Diamond Oil & Refining Company, a corporation, against John F. Campbell and the First National Bank of San Saba County, Tex., for the cancellation of a mortgage given to secure the payment of two notes, one to John F. Campbell, in the sum of $6,623.64, and one to the First National Bank of San Saba county, in the sum of $3,120, and to have the notes decreed to be null and void insofar as they affect the Big Diamond Oil & Refining Company. The defendants answered by general denial and by cross-petition in which they prayed judgment for the amount of the notes and for a foreclosure of the mortgage. The plaintiff replied by general denial. Judgment was for the defendants for principal of the notes, interest, and attorney's fee, and a foreclosure of the mortgage. Plaintiff has appealed.

Prior to the organization of the Big Diamond Oil & Refining Company, its president, P. M. Faver, and its directors had engaged in an unsuccessful oil venture in Texas as a result of which they had become indebted to the First National Bank of San Saba and to J. W. Campbell, its president. Soon after the organization of the Big Diamond Oil & Refining Company in 1917, the bank and Campbell, its president became insistent upon the settlement of these obligations. In October, 1919, the notes and mortgage in question were executed in settlement of that indebtedness, or as additional security for its payment. The only cash consideration for the notes and mortgage was $1,400.

The officers and directors of corporations are in a sense trustees for the stockholders,

and are required to act in good faith and for their benefit. In the case of McKee v. Interstate Oil & Gas Co., 77 Okla. 260, 188 Pac. 109, this court said:

"A director of a corporation occupies a fiduciary relation where his dealings with the subject-matter of his trust or agency and with the corporation are viewed with jealousy by the courts, and they may be set aside on slight ground."

And in the case of Bently et al. v. Zelma Oil Company, 76 Okla. 116, 184 Pac. 131, it is said:

"Directors and officers of a corporation, having the management of its corporate affairs, occupy the position of trustees of the welfare of the company, and guardians of the interests of the stockholders, and will not be permitted by a court of equity to violate such trust, by selling or purchasing the corporate property to their own personal advantage and to the detriment of their cestuis que trust."

The notes and mortgage were void in so far as it was sought to apply the company's property to the payment of the individual debts of its president and directors. The only authority cited by the defendants in error in support of the judgment is Skirvin Operating Co. v. Southwestern Electric Co., 71 Okla. 25, 174 Pac. 1069. The law as stated in that case is that where an insolvent corporation is absorbed by and merged into another, and, in fraud of its creditors, all of the assets are taken over and absorbed by the new corporation, and the business is continued in the same place, on the same property and by substantially the same officers, and no provision made respecting the liability of the insolvent corporation so merged and absorbed by the new corporation, the new corporation will, as a general rule, be answerable for all the liabilities of the old corporation thus merged and absorbed. That is not the instant case. It appears that the assets of the two insolvent companies, whatever they were, were assigned to Dafflemeyer, one of the directors, and one Clark, who was also in some way connected with the two insolvent companies. These assets were never assigned to the Big Diamond Oil & Refining Company nor came into its hands. The only asset of any value of either of the insolvent companies was a tract of nine and a fraction acres on which there was a small well, known as the Humble property. It was transferred by Dafflemeyer and Clark to one Thompson so that the only thing taken over by the Big Diamond Oil & Refining Company was the indebtedness of the two insolvent companies or, more properly stated, debts incurred by Faver and asso-

ciates on behalf of the two insolvent companies. It is made clear by the evidence that the real purpose of Faver, president and general manager of the Big Diamond Oil & Refining Company, and those associated with him in the transaction, was to have that company take over their prior existing indebtedness. The $1,400 received by the Big Diamond Oil & Refining Company is separable from the unlawful indebtedness sought to be assumed, but it is not made to appear whether that item was included in the note given to Campbell or in the note given to the First National Bank.

The judgment should be reversed, with directions to vacate the judgment and to proceed in accordance with the views expressed in this opinion.

By the Court: It is so ordered.