### BLACK et al. v. WICKETT.

No. 17521. Opinion Filed Sept. 27, 1927.

(Syllabus.)

1. Oil and Gas—Mining Partnership—Lien of Partner on Associate's Share for Money Advanced in Operation.

A member of a mining partnership, who advances more than his share of the money to operate or develop oil lands, has a lien on his partner's share to the extent of his overadvancement on final accounting.

2. Account Stated—Waiver by Action on Orginal Account—Evidence Inadmissible.

Evidence of an account stated is not admissible in an action founded on the original account, and this is true although the amount may theretofore have been agreed upon, as the account stated, was waived by bringing an action upon the original account.

3. Account, Action on—Burden of Proof in Action on Verified Account Denied Under Oath.

Where the verified account sued on is denied under oath by the defendant, the burden is on the plaintiff to establish each item thereof.

4. Trial—Demurrer to Evidence—Failure of Plaintiff's Evidence.

Where no evidence is offered in support of an allegation necessary to a recovery by the plaintiff, it is reversible error for the trial court to overrule defendant's demurrer to plaintiff's evidence.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by K. L. Wickett against Elmer J. Black and Mrs. Elmer J. Black. From judgment in favor of plaintiff, defendants bring error. Reversed and remanded for new trial.

D. B. Horsley, for plaintiffs in error.

Edward A. Jacobson, for defendant in error.

MASON, V. C. J. This action was commenced in the district court of Osage county by K. L. Wickett to collect from Elmer J. Black and Mrs. Elmer J. Black monies advanced by said K. L. Wickett as managing partner of an oil and gas lease in which Elmer J. Black and Mrs. Elmer J. Black owned a 12/80ths interest, and to have the same decreed a lien in favor of the plaintiff and against the interest held by the defendants.

The petition of plaintiff alleges that defendants purchased an oil and gas lease from the Osage Tribe of Indians, a copy of which lease is attached to the petition and shows that it was duly approved by the Secretary of the Interior. It is then alleged that on December 11, 1922, plaintiff entered into a contract with the defendants whereby the plaintiff agreed to drill an oil well on said premises for an interest in said lease; that in pursuance of said contract plaintiff drilled said well and became the owner of said interest in the lease; that under the terms of said contract, a copy of which was attached to the petition, plaintiff was to have charge of the management and operation of said lease; that each person was to be liable for his proportionate share of the

expense incurred in the further development of said lease; that the defendants held title to an undivided 12/80ths interest in said lease; that in connection with the development, management, and operation of said leasehold, plaintiff has advanced the money in behalf of the interest held by the defendants, a verified account of which is attached to the petition.

Defendants filed a demurrer to plaintiff's petition, which was overruled, after which they filed answer, consisting of a verified general denial and other defenses, which we do not deem it necessary to set out.

The cause proceeded to trial before a jury, whereupon the defendants objected to the introduction of any evidence, for the reason that the petition failed to state a cause of action, which was denied. The plaintiff offered proof in support of the allegations of his petition, after which the court overruled the demurrer of defendants to the plaintiff's evidence. The defendants offered their evidence, and the issues were submitted to the jury, which returned a verdict for plaintiff for $431.04, and an attorney fee of $50 was allowed. Judgment was rendered thereon, and the defendants have perfected their appeal.

For reversal, it is first urged that the trial court erred in overruling the demurrer to plaintiff's petition.

This court, in Barrett v. Buchanan et al., 95 Okla. 262, 213 Pac. 734, held:

"A member of a mining partnership who advances more than his share of the money to operate or develop oil lands has a lien on his partner's share to the extent of his over-advancement on final accounting."

The same rule is announced in Kennedy et al. v. Beets Oil Company, 105 Okla. 1, 231 Pac. 508.

Plaintiff's petition contains allegations as to the existence of the partnership and that he, as one partner, had advanced more than his share of the expense necessary to operate and develop said oil lease, and then sets out the usual allegations of an action on an account. We think the petition stated a cause of action and was good as against defendants' demurrer.

Counsel next urge that the lease in question is a "restricted" lease and that under its terms it cannot be sold, assigned, or conveyed, except upon the approval of the Secretary of the Interior, and that, therefore, the trial court was without jurisdiction to fix a lien on an interest therein and foreclose the same. Conceding the terms of the lease to be as contended, yet the district court would have jurisdiction to fix a lien and order the same foreclosed, subject to the approval of the Secretary of the Interior. Of course, a conveyance made in such manner would be ineffective, unless approved by the Secretary of the Interior. See Brenner Oil Company et al. v. Dickason-Goodman Lumber Company et al., 108 Okla. 257, 236 Pac. 44. The demurrer to the plaintiff's petition was properly overruled.

Counsel next insist that the trial court erred in denying defendants' demurrer to the plaintiff's evidence. Plaintiff introduced evidence of the existence of the partnership; the ownership of said lease; the interest owned by defendants, and that the plaintiff was in charge of operating and developing said lease. Counsel for plaintiff then attempted to establish an "account stated" in the amount sued for, but the court sustained defendants' objection thereto. In this, the trial court was correct. The petition was founded upon an open account, and evidence of an "account stated" would be without the issues. Even if the account had theretofore been agreed upon, the "account stated" was waived by bringing an action as upon the original account. Brannum v. Burns, 121 Okla. 5, 247 Pac. 58.

The account sued on had been denied by the defendants under oath, and the burden was on the plaintiff to establish the same by competent evidence. Plaintiff introduced no evidence of the individual items of the account. He testified that the same had been paid by checks and that he had the canceled checks and the receipted bills, but for some unknown reason neither the checks nor the bills were introduced in evidence. This was probably an oversight on the part of the learned trial judge, who, it appears, was very painstaking and careful in the trial of the cause, but we are bound by the record.

Several questions, presented by the defense, seem to have been duly considered by the court and properly submitted to the jury, but the plaintiff having failed to establish the items of his account, we must conclude that the trial court erred in not sustaining the demurrer to the plaintiff's evidence.

The judgment of the trial court, therefore, is reversed, and the case is remanded for a new trial.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 40 C. J. p. 1151, §807. (2) 1 C. J. p. 662, §187; p. 709, §334. (3) 1 C. J. p. 667, §202. (4) 4 C. J. p. 1020, §3006 (Anno); 38 Cyc. p. 1547.