## PINE v. BRADLEY.

No. 25613.   Sept. 29, 1936.

Charles B. McCrory, for plaintiff in error.

W. A. Barnett, for defendant in error.

PHELPS, J. The plaintiff sued on an open account for merchandise furnished. He alleged that "A duly verified statement of said account is hereto attached as exhibit A and made a part hereof," and this is the only reference therein made to the verified account. The verified account was attached to the petition. In the affidavit appended to the statement of the account, and verifying it, was this language: "That the above and foregoing statement of account is true and correct. * * *" The defendant filed an unverified general denial. Under section 220, O. S. 1931, the trial court rendered judgment on the pleadings for plaintiff, and defendant appeals.

Section 220, or the pertinent parts thereof, is as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, * * * or the correctness of any account duly verified * *. * shall be taken as true unless the denial of the same be verified. * * *"

It has always been the uniform holding of this court that for a plaintiff to take advantage of this section he must literally comply with it in his allegations. Myers v. First Presbyterian Church, 11 Okla. 544, 69 P. 874; El Reno Vitrified Brick, etc., v. C. W. Raymond Co., 46 Okla. 388, 148 P. 1000; Miners' Supply Co. v. Chestnut, etc., 50 Okla. 155, 150 P. 686; Smith v. Cottage Home Remedy Co., 91 Okla. 87, 216 P. 163. These cases hold that it is insufficient to merely attach the itemized verified account and refer to that fact in the petition; that it is mandatory that there be a specific allegation in the petition itself of the correctness of the account.

Nor does the fact that the affidavit verifying the exhibit did allege the correct-

ness of the account satisfy the statute. In Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210, L. R. A. 1916A, 731, it was not alleged in the petition that an indorsement had been made on the note sued upon. The note, however, was attached as an exhibit to the petition, and it showed that such indorsement had been made. Nevertheless this court held that the exhibit did not take the place of the necessity of specifically alleging such indorsement in the petition itself. However, other allegations in the petition were held sufficient for the purpose.

When an exhibit is attached to a petition it may be referred to for the purpose of determining the sufficiency of the petition to withstand a demurrer thereto (Southern Surety Co. v. Chambers, 72 Okla. 307, 180 P. 711; Westchester Fire Ins. Co. v. McDonald, 123 Okla. 289, 253 P. 287; Ross v. Breene, 88 Okla. 37, 211 P. 417), and resort may be had to it in aid of the petition,—but in such cases the rule is that the petition is construed liberally in favor of the pleader, and the question is merely whether a cause of action has been stated. Here it is otherwise; the question is whether the plaintiff had first complied with a plain statutory requirement necessary to his invoking of the statute, and we have always held him to a strict and literal compliance therewith, for the effect of the statute in a proper case is to dispense with the necessity of evidence. See discussion of this distinction in Bradshaw v. Sexton, 172 Okla. 204, 44 P. (2d) 80, at 82.

The necessity of alleging correctness of the account in the petition itself as a condition to the use of the statute by plaintiff has been so thoroughly discussed in the decisions cited above (and especially in the Miners' Supply Co. Case) that further discussion here would be but repetition. There was no such allegation in this petition. Failure to verify the answer, therefore, did not admit correctness of the account, and it was error to render judgment for plaintiff on the pleadings. Reversed and remanded.

McNEILL, C. J., OSBORN, V. C. J., and CORN and GIBSON, JJ., concur.