## TYLER v. HOBERECHT et al.

No. 29301.    March 19, 1940.

Rehearing Denied April 16, 1940.

Application for Leave to File Second Petition for Rehearing Denied May 14, 1940.

*102 P. 2d 151.*

Falkenstine & Fisher, of Watonga, for plaintiff in error.

E. Blumhagen, of Watonga, for defendants in error.

RILEY, J. Defendant in error, hereinafter referred to as plaintiff, commenced this action against plaintiff in error, hereinafter referred to as defendant, to recover an alleged balance due plaintiff for the purchase of a half interest in a stock of merchandise.

Plaintiff alleged that about January 1, 1931, plaintiff and defendant entered into a partnership, and as such partners operated a clothing store in Watonga, Okla., until about January 1, 1934, at which time the partnership was dis-

solved. That in the dissolution of the partnership, plaintiff sold his one-half interest in the stock of goods, fixtures, accounts, etc., to defendant; that plaintiff was to receive therefor one-half of the net value of said stock of goods, as shown by an inventory as of January 1, 1934; that the net value of said stock, fixtures, bills receivable, as of January 1, 1934, was $15,000; that defendant had been in charge of the partnership business during the existence of the partnership, and was to make a complete statement of business with inventory showing the net value of said stock of merchandise; that therefrom the parties were to determine the amount which defendant should pay plaintiff for his one-half interest; that pending a final accounting defendant was to pay plaintiff the sum of $50 per month to begin with January, 1934, to apply on the purchase price; that defendant had paid plaintiff the sum of $850, and no more, and at the time of the sale plaintiff had an account with and owed the partnership $650, which, together with the $850 paid by defendant, amounted to $1,500, which was all defendant had paid; that a complete and true accounting would show defendant indebted to plaintiff in the sum of $6,000, for which he prayed judgment.

Defendant answered, admitting the partnership substantially as alleged by plaintiff, but denied that the stock of goods and fixtures were worth $15,000 at any time, and particularly as of January 1, 1934; he admitted that he purchased plaintiff's interest, and that he agreed to pay plaintiff therefor 50 per cent. of the net value of the assets of the partnership, the account of plaintiff in the sum of $655.29 to be deducted; admits that he paid plaintiff only $850, and alleges that said sum together with the $655.29 which plaintiff owed the partnership was sufficient to and did pay plaintiff in full.

In the answer:

"Defendant further alleges, that he submitted a statement of account of the affairs of said partnership to the plaintiff shortly after making an inventory of January 1, 1934, of the assets and liabilities of said partnership, and that plaintiff never objected to said account, the items thereof or the correctness thereof, until the filing of this action and that by his silence he has approved the correctness of such account."

The answer of defendant was verified by affidavit. Plaintiff replied by unverified general denial of new matter in the answer.

The issues thus formed were tried to a jury, resulting in a verdict for plaintiff in the sum of $7,707.17. Defendant filed motion for judgment notwithstanding the verdict, and a motion for new trial. Both were overruled, and judgment was entered for plaintiff for the amount found by the jury, and defendant appeals.

The petition in error contains 13 assignments of error. They are presented under five propositions.

The first is that the defendant was entitled to judgment notwithstanding the verdict because defendant's verified plea of "account stated" was admitted because the reply of plaintiff denying same was not verified.

Requirements as to verification of pleadings generally are covered by section 287, C.O.S. 1921, section 220, O. S. 1931, sec. 286, title 12, Okla. Stat. Anno. Its applicable provision is: "In all actions allegations of * * * the correctness of an account duly verified * * * shall be taken as true unless the denial of the same be verified. * * *" Assuming, without deciding, that said section has application to an action or defense based upon an alleged account stated, defendant's answer does not come within its provision. His answer contained no allegation that the statement of account was true and correct.

In Miner's Supply Co. v. Chesnutt-Gibbons Grocer Co., 50 Okla. 151, 150 P. 686, it is pointed out that upon its face the statute not only requires that a verified account be attached to the petition, but also the petition must spe-

cifically allege the correctness of the account before defendant is required to deny it under oath.

See, also, Pine v. Bradley, 177 Okla. 510, 60 P. 2d 1041; Gladys-Belle Oil Co. v. Clark, 147 Okla. 211, 296 P. 461; J. R. Watkins Co. v. Jennings, 131 Okla. 295, 269 P. 265.

The second proposition is that the evidence is not sufficient to sustain the verdict of the jury and the judgment of the court.

Under this proposition defendant cites a number of cases which in effect hold that a settlement by account stated is binding unless impeached by showing fraud or mistake. He contends that inasmuch as plaintiff did not plead fraud or mistake as against defendant's alleged plea of account stated, plaintiff was not entitled to introduce evidence tending to impeach the alleged account stated.

The cases cited by defendant for the most part are cases where the account was submitted, and either expressly or impliedly was admitted to be correct. In this case defendant relies upon implied agreement. Plaintiff denied the allegation. At the trial plaintiff admitted presentation of the alleged account to him, but expressly denied that he retained same without objection to its correctness, but on the contrary protested to defendant as to the correctness thereof. The question, then, of whether there ever was an account stated was one of fact upon which the evidence is in conflict.

The cases cited are not in point.

It is next contended that the court erred in giving certain instructions. The objection is not to the correctness of the instructions or to the law stated, but again defendant relies upon his alleged "account stated."

It is only when an account rendered is assented to and thereby becomes an account stated that it becomes binding unless impeached by fraud or mistake.

Defendant contends that it was the duty of the trial court, in view of the pleadings and evidence, to determine as a matter of law that there was an account stated between the parties and then instruct on the applicable law for impeaching an account stated. But as we have pointed out, plaintiff did not admit presentation of and assent to the account. He admitted presentation of the account, but denied that he assented to the correctness thereof, either expressly or impliedly.

The cases relied upon are not applicable.

We do not deem it necessary to discuss separately the other propositions. Argument in support thereof is based upon the theory that defendant had established as a matter of law his account stated.

The principal question was the net value of the stock of goods and fixtures as of January 1, 1934, and certain unpaid salary of defendant and his son during the three years the business was conducted as a partnership.

The evidence was in conflict as to the invoice value of the stock of goods. The matter in issue, as we view the record, was properly submitted to the jury. The verdict was approved by the court and was incorporated in the judgment. This being an action in the nature of an accounting, the verdict may be said to be advisory only. However, the court adopted the verdict and approved it. It became the court's finding and decree. The judgment is not against the weight of the evidence. Judgment affirmed.

WELCH, V. C. J., and OSBORN, HURST, and DAVISON, JJ., concur.